UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DUAINE GREGORY ELLIS, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>DONALD FERGUSON, et al., )<br>)<br>Defendants. ) | 2:06-cv-119-RLY-WGH |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The plaintiff's request to proceed *in forma pauperis* is **granted.** No assessment of even a partial initial filing fee is feasible at this time.

2.      The complaint is subject to the screening required by 28 U.S.C. § 1915A(b). This statute requires the court to screen prisoner complaints at the earliest opportunity and "dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

3.      Plaintiff Ellis is confined at an Indiana prison. He alleges in his complaint and in the accompanying motion for temporary restraining order that a decision was issued on September 28, 1999, by an Immigration Judge, granting the petition of the Immigration and Naturalization Service for an order of removal of Ellis from the United States, that this order of removal was based on Ellis' criminal conviction in a state court, and that the order was based on the misapprehension that Ellis was not a citizen of the United States.

a.      Ellis contends that the order of removal is invalid because it fails to recognize that he obtained United States citizenship under the derivative citizenship procedure recognized by 8 U.S.C. § 1431(a) (effective Feb. 27, 2001). *See Bagot v. Ashcroft,* 398 F.3d 252, 257 n.3 (3d Cir. 2005). Ellis states that he is facing deportation to Barbados on June 30, 2006, upon being released from the Indiana Department of Correction. He seeks an order prohibiting immigration authorities from taking him into custody and deporting him from the United States.

    b.    "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). Federal jurisdiction cannot be waived or assumed. *Rohm & Hass Texas, Inc. v. Ortiz Bros. Insulation, Inc.,* 32 F.3d 205, 207 (5th Cir. 1994).

    c.    On May 11, 2005, the President signed into law the REAL ID Act of 2005, as part of an emergency appropriations bill for military spending and tsunami relief. Pub. L. 109-13, 119 Stat. 231 (May 11, 2005). The REAL ID Act of 2005 is codified at 8 U.S.C. § 1252 ("REAL ID Act"). The REAL ID Act gives the Courts of Appeals exclusive jurisdiction over habeas petitions which challenge a final administrative order of removal, deportation or exclusion. *See Enwonwu v. Chertoff,* 376 F.Supp.2d 42, 81 (D.Mass. 2005). This grant of jurisdiction extends to challenges that an Immigration Judge has incorrectly resolved a claim of derivative citizenship, *e.g., Jordon v. Attorney General,* 424 F.3d 320, 328 (3d Cir. 2005), which is the claim Ellis makes here.

    4.    If the court lacks jurisdiction over the subject matter, its only proper course is to note the absence of jurisdiction and dismiss the case on that ground. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)). That is the disposition required in this action.[1] Judgment consistent with this Entry shall now issue. Consistent with this disposition, of course, the motion for a temporary restraining order is **denied.**

    **IT IS SO ORDERED.**

Date: 07/06/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] The REAL ID Act provides that the "district court shall transfer . . . to the court of appeals any case" challenging a final administrative order of removal that was *"pending* in a district court" on the May 11, 2005 effective date. But there is no similar provision for the transfer of cases erroneously filed in district courts after the effective date.